Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Richard C. Burson
Assistant United States Attorney
402 E. Yakima Ave., Ste. 210
Yakima, WA 98901-2760
Telephone: (509) 454-4425

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 16, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | Case No.: 1:22-CR-02070-SAB-1 |
|---|---|
| Plaintiff, | Plea Agreement |
| v. | |
| CLYDE ISAAC KELLY, | |
| Defendant. | |

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney the Eastern District of Washington, and Richard C. Burson, Assistant United States Attorney for the Eastern District of Washington, and Defendant Clyde Isaac Kelly ("Defendant"), both individually and by and through Defendant's counsel, Ben Hernandez, agree to the following Plea Agreement.

1. <u>Guilty Plea and Maximum Statutory Penalties</u>

Defendant agrees to enter a plea of guilty to the Indictment filed on July 12, 2022, which charges Defendant with Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), a Class C felony.

Defendant understands that the following potential penalties apply:

    a.    a term of imprisonment of up to 10 years;

    b.    a term of supervised release of up to 3 years;

    c.    a fine of up to $250,000; and

PLEA AGREEMENT - 1

    d. a $100 special penalty assessment.

 2. <u>Supervised Release</u>

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, up to the following terms:

  a. 5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

  b. 3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

  c. 2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

 3. <u>The Court is Not a Party to this Plea Agreement</u>

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

  a. sentencing is a matter solely within the discretion of the Court;

  b. the Court is under no obligation to accept any recommendations made by the United States or Defendant;

  c. the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

PLEA AGREEMENT - 2

    d.    the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

    e.    the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

    f.    the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Plea Agreement or Defendant's guilty plea.

4.    <u>Potential Immigration Consequences of Guilty Plea</u>

If Defendant is not a citizen of the United States, Defendant understands the following:

    a.    pleading guilty in this case may have immigration consequences;

    b.    a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

    c.    removal from the United States and other immigration consequences are the subject of separate proceedings; and

    d.    no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

5.    <u>Waiver of Constitutional Rights</u>

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the

PLEA AGREEMENT - 3

following:

  a. the right to a jury trial;

  b. the right to see, hear and question the witnesses;

  c. the right to remain silent at trial;

  d. the right to testify at trial; and

  e. the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

  6. <u>Elements of the Offense</u>

The United States and Defendant agree that in order to convict Defendant of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), the United States would have to prove the following beyond a reasonable doubt.

  a. *First*, on April 27, 2022, within the Eastern District of Washington, Defendant knowingly possessed a firearm;

  b. *Second*, the firearm had been shipped from one state to another or between a foreign nation and the United States;

  c. *Third*, at the time Defendant possessed the firearm, Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

  d. *Fourth*, at the time Defendant possessed the firearm, Defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

PLEA AGREEMENT - 4

7.   Factual Basis and Statement of Facts

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing, unless otherwise prohibited in this Plea Agreement.

On April 27, 2022, Yakima Police Department ("YPD") officers responded to a 911 call reporting that Defendant was in possession of a firearm in Defendant's residence. A YPD detective reviewed Defendant's criminal history and determined that Defendant had been previously convicted of crime punishable by a term of imprisonment exceeding one year. YPD officers went to Defendant's residence and spoke with the 911 caller on the phone. Officers asked the caller to come out of the residence. The 911 caller came outside with the lower frame of a pistol and explained that Defendant had taken the gun apart. An officer knocked on the door to Defendant's residence and Defendant came outside. Defendant was detained. Meanwhile, without being requested to do so by officers, the reporting party went back into the residence and came outside with the upper half of the firearm and handed it to a YPD detective. The reporting party told the detective that Defendant had the gun for the past several days. Another resident told officers the same.

Defendant was arrested on state criminal charges, which were subsequently dropped in favor of federal prosecution.

At the time Defendant was in possession of the above-mentioned firearm, he had been previously convicted of an offense punishable by a term of imprisonment exceeding one year; namely, on or about February 1, 2022, Defendant was

PLEA AGREEMENT - 5

convicted of second-degree manslaughter in violation of Revised Code of Washington Section 9A.32.070 and sentenced to 25 months of imprisonment.

The above-mentioned firearm was examined by a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, who determined that because the firearm was located in the state of Washington, it had traveled in and affected interstate or foreign commerce.

8. <u>The United States' Agreements</u>

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

9. <u>United States Sentencing Guidelines Calculations</u>

Defendant understands and acknowledges that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. The United States and Defendant agree to the following Guidelines calculations.

    a.    <u>Base Offense Level</u>

The United States and Defendant agree that the base offense level for Felon in Possession of a Firearm is 14. U.S.S.G. § 2K2.1(a)(6).

    b.    <u>Acceptance of Responsibility</u>

The United States will recommend that Defendant receive a two-level (or three level, if the court determines the Total Offense Level to be greater than 15) downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), (b), if Defendant does the following:

        i.    accepts this Plea Agreement;
        ii.    enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;

   iii. demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

   iv. provides complete and accurate information during the sentencing process; and

   v. does not commit any obstructive conduct.

The United States and Defendant agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged with, or convicted of, any criminal offense, or if Defendant tests positive for any controlled substance.

  c. No Other Agreements

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances. Defendant understands and acknowledges that the United States is free to make any sentencing arguments it sees fit, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Agreement, and Defendant's relevant conduct.

  d. Criminal History

The United States and Defendant have no agreement and make no representations about Defendant's criminal history category, which will be determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigative Report.

  10. Incarceration

The United States agrees to recommend a sentence no higher than within the Guidelines, as calculated by the Court; provided that, the United States will recommend not more than 21 months of imprisonment.

Defendant agrees to recommend a sentence no lower than 12 months.

PLEA AGREEMENT - 7

11. <u>Supervised Release</u>

The United States and Defendant each agree to recommend 3 years of supervised release. Defendant agrees that the Court's decision regarding the conditions of Defendant's Supervised Release is final and non-appealable; that is, even if Defendant is unhappy with the conditions of Supervised Release ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or any term of Supervised Release.

The United States and Defendant agree to recommend that in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

    a.    The United States Probation Officer may conduct, upon reasonable suspicion of a violation of supervised release, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

    b.    Defendant shall participate and complete such drug testing and drug treatment programs as the Probation Officer directs.

    c.    Defendant shall complete mental health evaluations and treatment, including taking medications prescribed by the treatment provider. Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. Defendant shall contribute to the cost of treatment according to the Defendant's ability.

12. <u>Criminal Fine</u>

The United States and Defendant may make any recommendation concerning the imposition of a criminal fine. Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if

PLEA AGREEMENT - 8

Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

13. <u>Judicial Forfeiture</u>

Defendant agrees to voluntarily forfeit any and all right, title and interest he has in the following listed assets in favor of the United States, including, but not limited to:

- a Star Model "BM" 9mm caliber pistol bearing serial number 28247.

Defendant acknowledges that the firearm covered by this agreement is subject to forfeiture as property facilitating or involved in illegal conduct in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), Felon in Possession of a Firearm, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

The Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States and to testify truthfully in any forfeiture proceeding.

The Defendant agrees to hold all law enforcement and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure and forfeiture of any asset(s) covered by this agreement. Defendant consents to the forfeiture and disposal of assets without further notice.

The Defendant further agrees to waive all constitutional, equitable and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the asset(s). Defendant waives oral pronouncement of

PLEA AGREEMENT - 9

forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

14. <u>Mandatory Special Penalty Assessment</u>

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013.

15. <u>Payments While Incarcerated</u>

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

16. <u>Additional Violations of Law Can Void Plea Agreement</u>

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of sentence, Defendant is charged with or convicted of any criminal offense or tests positive for any controlled substance.

17. <u>Waiver of Appeal Rights</u>

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court.

Defendant expressly waives all of Defendant's rights to appeal Defendant's conviction and the sentence the Court imposes; <u>provided that</u>, Defendant may appeal any sentence imposed by the Court greater than 24 months.

Defendant expressly waives Defendant's right to appeal any fine or term of supervised release imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from

PLEA AGREEMENT - 10

information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

18. <u>Compassionate Release</u>

In consideration for the benefits Defendant is receiving under the terms of this Plea Agreement, Defendant expressly waives Defendant's right to bring any motion for Compassionate Release other than a motion arising from one of the specific bases set forth in this paragraph of this Plea Agreement. The United States retains the right to oppose, on any basis, any motion Defendant files for Compassionate Release.

The only bases on which Defendant may file a motion for Compassionate Release in the Eastern District of Washington are the following:

    a. <u>Medical Condition of Defendant</u>

        i. Defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia; or

        ii. Defendant is suffering from a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment

PLEA AGREEMENT - 11

of a correctional facility and from which Defendant is not expected to recover.

 b. <u>Age of Defendant</u>

  i. Defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process; and has served at least 10 years or 75 percent of Defendant's term of imprisonment, whichever is less; or

  ii. Defendant is at least 70 years old and has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which Defendant is imprisoned.

 c. <u>Family Circumstances</u>

  i. The caregiver of Defendant's minor child or children has died or become incapacitated, and Defendant is the only available caregiver for Defendant's minor child or children; or

  ii. Defendant's spouse or registered partner has become incapacitated, and Defendant is the only available caregiver for Defendant's spouse or registered partner.

 d. <u>Subsequent Reduction to Mandatory Sentence</u>

  i. Defendant pleaded guilty to an offense which, on the date of Defendant's guilty plea, carried a mandatory minimum sentence; and

  ii. after the entry of judgment, the length of the mandatory minimum sentence for Defendant's offense of conviction was reduced by a change in the law; and

PLEA AGREEMENT - 12

        iii.    the application of the reduced mandatory minimum sentence would result in Defendant receiving a lower overall sentence.

  e.  <u>Ineffective Assistance of Counsel</u>

        i.    Defendant seeks Compassionate Release based on a claim of ineffective assistance of counsel arising from information that Defendant both

            2.    did not know at the time of Defendant's guilty plea, and

            3.    could not have known, in the exercise of due diligence, at the time the Court imposed sentence.

19. <u>Withdrawal or Vacatur of Defendant's Plea</u>

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

  a.  this Plea Agreement shall become null and void;

  b.  the United States may prosecute Defendant on all available charges;

  c.  The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

  d.  the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate

PLEA AGREEMENT - 13

charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

20. **Integration Clause**

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

**Approvals and Signatures**

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____    Oct. 17, 022
Richard C. Burson             Date
Assistant United States Attorney

PLEA AGREEMENT - 14

I have read this Plea Agreement and I have carefully reviewed and discussed every part of this Plea Agreement with my attorney. I understand the terms of this Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and voluntarily. I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. No one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_____        10-14-22
Clyde Isaac Kelly                                              Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's guilty plea.

_____        10-14-22
Ben Hernandez                                              Date
Attorney for Defendant

PLEA AGREEMENT - 15